**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

CHANEL, INC.,

Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

Defendants.
_______________________________________/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Chanel, Inc. ("Chanel" or "Plaintiff") hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Chanel's trademarks within this district through various fully interactive commercial Internet websites and supporting domains names operating under their individual, partnership, and/or business association names identified on Schedule "A" hereto (the "Subject Domain Names"). In support of its claims, Chanel alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental

jurisdiction pursuant to 28 U.S.C. § 1367 over Chanel's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district because they operate commercial websites accessible in this district and direct business activities toward consumers throughout the United States, including within the State of Florida and this district, through at least the fully interactive commercial Internet websites and supporting domain names operating under the Subject Domain Names.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants are, upon information and belief, aliens who engage in infringing activities and cause harm within this district by advertising, offering to sell and/or selling infringing products into this district.

## THE PLAINTIFF

4. Chanel is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this district. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, as discussed in Paragraph 17 below, and identified in Schedule "B" hereto. Chanel offers for sale and sells its trademarked goods within this district. Defendants' offers to sell and sales of counterfeit and infringing Chanel branded products are causing damage to Chanel within this district. Chanel regularly enforces its intellectual property rights and authorized this action be brought in its name.

5. Like many other famous trademark owners in the luxury goods market, Chanel suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters

and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Chanel's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.

6. In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Chanel expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars.

## THE DEFENDANTS

7. Defendants operate through domain names registered with registrars in multiple countries and are comprised of individuals, partnerships and/or business entities of unknown makeup, whom, upon information and belief, reside and/or operate in foreign jurisdictions, including the People's Republic of China. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district, through the simultaneous operation of at least the fully interactive commercial Internet websites and supporting domains existing under the Subject Domain Names.

8. Upon information and belief, Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by the same Defendant Number on Schedule "A" hereto.

9. Upon information and belief, Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit branded products as alleged herein, often times as partners, co-conspirators and/or suppliers.

10. Defendants are part of an ongoing scheme to create and maintain an illegal marketplace enterprise on the World Wide Web, which (i) confuses consumers regarding the source of Defendants' goods for profit, and (ii) expands the marketplace for illegal, counterfeit Chanel branded goods while shrinking the legitimate marketplace for genuine Chanel branded goods. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Chanel's famous name and associated trademarks, as well as the destruction of the legitimate market sector in which Chanel operates.

11. Defendants are the past and present controlling forces behind the operation of, at least, the Subject Domain Names.

12. Upon information and belief, Defendants directly engage in unfair competition with Chanel by (i) offering for sale and/or selling goods bearing counterfeits and infringements of one or more of Chanel's trademarks to consumers within the United States and this district through multiple fully interactive commercial Internet websites and supporting domain names operating under the Subject Domain Names and additional domains and websites not yet known to Chanel and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from Chanel's legitimate marketplace for its genuine goods. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and shipment of counterfeit Chanel branded goods into the State, and by operating an illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within the State of Florida.

13. Upon information and belief, Defendants have registered, established or purchased, and maintained their respective Subject Domain Names, and the websites operating thereunder. Upon information and belief, many Defendants have engaged in fraudulent conduct with respect

to the registration of the Subject Domain Names by providing false and/or misleading information to their various registrars during the registration or maintenance process. Upon information and belief, many Defendants have registered and maintained their Subject Domain Names for the sole purpose of engaging in illegal counterfeiting activities.

14. Upon information and belief, Defendants will continue to register or acquire new domain names for the purpose of selling and/or offering for sale goods bearing counterfeit and confusingly similar imitations of Chanel's trademarks unless preliminarily and permanently enjoined. Moreover, upon information and belief, Defendants will continue to maintain and grow their illegal marketplace enterprise at Chanel's expense unless preliminarily and permanently enjoined.

15. Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Chanel and others.

16. Defendants' business names, i.e., the Subject Domain Names, and any other domain names used in connection with the sale of counterfeit and infringing goods bearing Chanel's trademarks are essential components of Defendants' counterfeiting and infringing activities and are the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Chanel. Moreover, Defendants are using Chanel's famous name and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names and decreasing the size and value of Chanel's legitimate consumer marketplace at Chanel's expense.

## **COMMON FACTUAL ALLEGATIONS**

### **Plaintiff's Trademark Rights**

17. Chanel is the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, the "Chanel Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The Chanel Marks are used in conjunction with the manufacture and distribution of high quality goods in the categories identified in Schedule "B." True and correct copies of the Certificates of Registration for the Chanel Marks are attached hereto as Composite Exhibit "1."

18. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality goods for an extended period of time.

19. The Chanel Marks have been used by Chanel long prior in time to Defendants' use of copies of those marks. And Defendants have never been assigned or licensed to any of the Defendants in this matter.

20. The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned.

21. Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

22. Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high quality luxury goods and has carefully monitored and policed the use of the Chanel Marks.

23. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing or sold under the Chanel Marks as being high quality luxury goods sponsored and approved by Chanel.

24. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality luxury goods.

25. Genuine goods bearing the Chanel Marks are widely legitimately advertised and promoted by Chanel and its authorized distributors. Over the course of the past ten years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Chanel's overall marketing and consumer education efforts. Thus, Chanel expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Chanel and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Chanel brand and the goods sold thereunder.

**Defendants' Infringing Activities**

26. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

27. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce using and bearing counterfeits and confusingly similar imitations of the Chanel Marks (collectively, the "Counterfeit Goods") through the fully interactive commercial Internet websites and supporting domain names operating under the Subject Domain Names. True and correct copies of the web pages reflecting samples of the Internet websites operating under the Subject Domain Names displaying the Chanel branded items offered for sale are attached hereto as Composite Exhibit "2." Specifically, upon information and belief, Defendants are using identical copies of the Chanel Marks for different

quality goods. Chanel has used the Chanel Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Chanel's merchandise.

28. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Chanel's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality products offered for sale by Chanel despite Defendants' knowledge that they are without authority to use the Chanel Marks. The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Chanel.

29. Defendants advertise their Counterfeit Goods for sale to the consuming public via websites operating under at least the Subject Domain Names. In so advertising these products, Defendants improperly and unlawfully use the Chanel Marks without Chanel's permission. Indeed, Defendants herein misappropriated Chanel's advertising ideas and methods of doing business with regard to the advertisement and sale of Chanel's genuine goods. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks is the proximate cause of harm to Chanel.

30. As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all concurrently employing substantially similar and often times coordinated, paid advertising and SEO strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Chanel Marks. Specifically, Defendants are using counterfeits of Chanel's famous name and the Chanel Marks in order to make their websites selling

illegal goods appear more relevant and attractive to search engines across an array of search terms. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Chanel's genuine goods. Defendants are causing concurrent and indivisible harm to Chanel and the consuming public by (i) depriving Chanel of its right to fairly compete for space within search engine results and reducing the visibility of Chanel's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Chanel Marks, (iii) increasing Chanel's overall cost to market its goods and educate consumers about its brand via the Internet, and (iv) maintaining an illegal marketplace enterprise, which perpetuates the ability of Defendants and future entrants to that marketplace to confuse consumers and harm Chanel with impunity.

31. Upon information and belief, Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and causing harm, within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

32. Defendants' use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

33. Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on Chanel's goodwill and reputation. If Defendants'

intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

34. Defendants' above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit Goods, which there is not.

35. Moreover, multiple Defendants have registered their respective Subject Domain Name(s), using marks that are nearly identical and/or confusingly similar to at least one of the Chanel Marks (collectively the "Cybersquatted Subject Domain Names").

36. Defendants do not have, nor have they ever had, the right or authority to use the Chanel Marks. Further, the Chanel Marks have never been assigned or licensed to be used on any of the websites operating under the Cybersquatted Subject Domain Names.

37. Upon information and belief, Defendants have provided false and/or misleading contact information when applying for the registration of the Cybersquatted Subject Domain Names, or have intentionally failed to maintain accurate contact information with respect to the registration of the Cybersquatted Subject Domain Names.

38. Upon information and belief, Defendants have never used any of the Cybersquatted Subject Domain Names in connection with a bona fide offering of goods or services.

39. Upon information and belief, Defendants have not made any bona fide non-commercial or fair use of the Chanel Marks on a website accessible under any of the Cybersquatted Subject Domain Names.

40. Upon information and belief, Defendants have intentionally incorporated the Chanel Marks in their Cybersquatted Subject Domain Names to divert consumers looking for Chanel's Internet website to their own Internet websites for commercial gain.

41. Given the visibility of Defendants' various websites and the similarity of their actions, including their SEO activities, it is clear Defendants are either related or, at a minimum, cannot help but know of each other's existence and the damage likely to be caused to Chanel as a result of Defendants' concurrent actions.

42. Although some Defendants may be acting independently, they may properly be deemed to be acting in concert because they are combining the force of their actions to multiply the harm caused to Chanel.

43. Chanel has no adequate remedy at law.

44. Chanel is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Chanel Marks. If Defendants' counterfeiting and infringing, cybersquatting, unfairly competitive activities, and their illegal marketplace enterprise, are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

45. The injury and damages sustained by Chanel has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods and by the creation, maintenance, and very existence of Defendants' illegal marketplace enterprise.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

46. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

47. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeits, copies, and/or colorable imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

48. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing products bearing one or more of the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, sell and/or offer to sell goods bearing the Chanel Marks.

49. Defendants' indivisible and concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

50. Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages and irreparable harm to Chanel and are unjustly enriching Defendants at Chanel's expense.

51. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

52. Chanel has suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

53. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1

through 45 above.

54. Defendants' Counterfeit Goods bearing and sold under copies of the Chanel Marks have been widely advertised and offered for sale throughout the United States.

55. Defendants' Counterfeit Goods bearing and sold under copies of the Chanel Marks are virtually identical in appearance to each of Chanel's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

56. Defendants, upon information and belief, have used in connection with their advertisement, offers for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Chanel's detriment.

57. Defendants have authorized infringing uses of the Chanel Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded products. Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

58. Additionally, Defendants are using counterfeits and infringements of the Chanel Marks in order to unfairly compete with Chanel and others for space within search engine organic results, thereby jointly depriving Chanel of a valuable marketing and educational tool which would otherwise be available to Chanel and reducing the visibility of Chanel's genuine goods on the World Wide Web.

59. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. Chanel has no adequate remedy at law, and has sustained indivisible injury and damages caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

**COUNT III - CLAIM FOR RELIEF FOR CYBERSQUATTING**
**PURSUANT TO § 43(d) OF THE LANHAM ACT (15 U.S.C. § 1125(d))**

61. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

62. At all times relevant hereto, Chanel has been and still is the owner of the rights, title, and interest in and to the Chanel Marks.

63. Upon information and belief, Defendants have acted with the bad faith intent to profit from the Chanel Marks and the goodwill associated with the Chanel Marks by registering and using the Cybersquatted Subject Domain Names.

64. The Chanel Marks were distinctive and famous at the time Defendants registered the Cybersquatted Subject Domain Names.

65. Defendants have no intellectual property rights in or to the Chanel Marks.

66. The Cybersquatted Subject Domain Names are identical to, confusingly similar to, or dilutive of at least one of the Chanel Marks.

67. Defendants' conduct is done with knowledge and constitutes a willful violation of Chanel's rights in the Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Chanel's rights.

68. Defendants' actions constitute cybersquatting in violation of §43(d) of the Lanham

Act, 15 U.S.C. § 1125(d).

69. Chanel has no adequate remedy at law.

70. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

**COUNT IV - COMMON LAW UNFAIR COMPETITION**

71. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

72. This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks, and (ii) creation and maintenance of an illegal, ongoing marketplace enterprise operating in parallel to the legitimate marketplace in which Chanel sells its genuine goods, in violation of Florida's common law of unfair competition.

73. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit Chanel branded goods. Defendants are also using counterfeits and infringements of the Chanel Marks to unfairly compete with Chanel and others for (i) space in search engine results across an array of search terms and (ii) visibility on the World Wide Web.

74. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

75. Chanel has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

76. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

77. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Chanel Marks. Chanel is the owner of all common law rights in and to the Chanel Marks.

78. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Chanel Marks.

79. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

80. Chanel has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

81. WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief, and monetary relief, jointly and severally, against Defendants as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto,

in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Chanel's name or trademarks; and from otherwise unfairly competing with Chanel.

b. Entry of temporary, preliminary, and permanent injunctions enjoining Defendants from creating, maintaining, operating, joining, and participating in their World Wide Web based illegal marketplace for the sale and distribution of non-genuine goods bearing counterfeits of the Chanel Marks.

c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that upon Chanel's request, the top level domain (TLD) Registry for each of the Subject Domain Names or their administrators, including backend registry operators or administrators, place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names

to the IP addresses where the associated websites are hosted.

d. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling for the life of the current registration or, at Chanel's election, transferring the Subject Domain Names and any other domain names used by Defendants to engage in their counterfeiting of the Chanel Marks at issue to Chanel's control so they may no longer be used for illegal purposes.

e. Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark counterfeiting and infringing activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. § 1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

f. Entry of an Order requiring the relevant Defendants to account to and pay Chanel for all profits and damages resulting from those Defendants' cybersquatting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. § 1117, or, at Chanel's election with respect to Count III, that Chanel be awarded statutory damages from the relevant Defendants in the amount of one hundred thousand dollars ($100,000.00) per cybersquatted domain name used as provided by 15 U.S.C. § 1117(d) of the Lanham Act.

g. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

h. Entry of an award of pre-judgment interest on the judgment amount.

i. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: March 7, 2017.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s/Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff CHANEL, INC.

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME**

| Defendant Number | Domain Name |
|---|---|
| 1 | chanelbagt.com |
| 2 | 7buyperfectbag.net |
| 2 | 7perfectshoes.com |
| 2 | ibuyperfectbags.net |
| 2 | ibuyperfectshoes.net |
| 3 | lilywholesale.com |
| 3 | replicasupermall.com |
| 3 | tophandbagsnike.com |
| 4 | aaaareplica.com |
| 4 | chinareplicashandbags.com |
| 4 | chinareplicawholesale.com |
| 5 | balenciagahandbags.net |
| 5 | chloehandbags.biz |
| 5 | fendi-handbags.biz |
| 5 | givenchyhandbags.net |
| 5 | prada-handbag.biz |
| 5 | stella-mccartney-bags.com |
| 6 | 21mlbshop.com |
| 6 | 21nfljersey.org |
| 6 | 22nfl.net |
| 6 | beststorejersey.com |
| 6 | champssuperbowl.com |
| 6 | cheapmejerseys.us |
| 6 | cnjerseyscheap.com |
| 6 | flyjerseyscheap.com |
| 6 | jerseyshome.biz |
| 6 | jerseyskicks.com |
| 6 | kicksjerseys.com |
| 6 | kicksjerseys.us |
| 6 | nfljerseyprice.com |

| | |
|---|---|
| 6 | officialoutletshop.com |
| 6 | onlinestorejerseys.top |
| 6 | pkjerseys.info |
| 6 | storejerseys.top |
| 6 | tbbjerseys.com |
| 6 | topsellingjersey.com |
| 6 | yeezyboost350beluga.com |
| 7 | fashion4bikes.eu |
| 7 | wheelbarrowcastle.co.uk |
| 8 | helloluxs.vip |
| 8 | helloluxs007.com |
| 8 | topluxs.com |
| 8 | ubingles.cc |
| 8 | ubingles2008.com |
| 9 | agentorange.co.uk |
| 9 | beautyleg8.net |
| 10 | 5afakebags.com |
| 10 | aaareplicabagsbuying.com |
| 10 | amazingreplicashop.com |
| 10 | bagssellingstore.com |
| 10 | bestreplicamarket.com |
| 10 | buyrephandbages.com |
| 10 | fakebagsonline.com |
| 10 | fakebagssell.com |
| 10 | replicaforbags.com |
| 11 | beststorejerseys.vip |
| 11 | kickjerseys.site |
| 12 | handbag2017.com |
| 12 | luxury2017.com |
| 12 | mybag2016.com |
| 13 | bebehandbags.top |
| 13 | cartierbebe.top |
| 14 | barbourgoutlet.com |
| 14 | watchesuser.com |

| | |
|---|---|
| 15 | 17nfl.vip |
| 15 | 999jerseys.com |
| 15 | jerseys.ren |
| 15 | msnjerseys.com |
| 15 | visajerseys.com |
| 15 | visajerseys.us |
| 15 | yahoojerseys.com |
| 15 | yahoojerseys.us |
| 16 | belstaffoutletonline.store |
| 16 | fashionbrand.store |
| 17 | bestchanelonline.co.uk |
| 17 | louisvuittoninitalia.com |
| 18 | newsbagshoe.com |
| 18 | topbag.store |
| 19 | casexy.net |
| 20 | alldesignerbags.co.uk |
| 21 | ukbagssale.co.uk |
| 22 | borsedisconto.eu |
| 23 | ipad-int.com |
| 24 | lawdegree.eu |
| 25 | luxe-chanel.com |
| 26 | naoes.co.uk |
| 27 | newbag8.com |
| 28 | designerbag.top |
| 29 | keramikapt.com |
| 30 | bagsoutlet.store |
| 31 | korssmycken.com |
| 32 | topqualitytimes.com |
| 33 | lv-southafricas.net |
| 34 | iphone5scasejapann.net |
| 35 | knockoffbagsshop.com |
| 36 | nbcfashiongifts.com |
| 37 | onestop789.com |
| 38 | rebeccaminkoff.store |

| | |
|---|---|
| 39 | sacnoirpascher.com |
| 40 | shoesbagwholesale.com |
| 41 | shylighting.com |
| 42 | sqoutlet.com |
| 43 | zealbags.net |
| 44 | againtrade.com |
| 45 | fakebagsproduct.com |

**SCHEDULE "B"**
**PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| CHANEL | 0,955,074 | March 13, 1973 | IC 014 – Watches |
| | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| | 1,501,898 | August 30, 1988 | IC 006 – Keychains<br>IC 014 - Costume Jewelry<br>IC 016 - Gift Wrapping Paper<br>IC 025 - Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br>IC 026 – Brooches and Buttons for Clothing |
| | 1,654,252 | August 20, 1991 | IC 009 – Sunglasses |
| | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; Namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| J12 | 2,559,772 | April 9, 2002 | IC 014 - Timepieces; Namely, Watches, and Parts Thereof |
| | 3,025,934 | December 13, 2005 | IC 018 – Handbags |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |
| CHANEL | 3,890,159 | December 14, 2010 | IC 009 – Cases for Telephones<br>IC 016 – Temporary Tattoos<br>IC 018 – Key Cases |

| | | | |
|---|---|---|---|
| | 4,074,269 | December 20, 2011 | IC 009 - Protective Covers for Portable Electronic Devices, Handheld Digital Devices, Personal Computers and Cell Phones<br>IC 016 - Temporary Tattoos<br>IC 018 - Key Cases |
| | 4,241,822 | November 13, 2012 | IC 025 - Clothing; Namely, Coats, Jackets, Dresses, Tops, Blouses, Sweaters, Cardigans, Skirts, Vests, Pants, Jeans, Belts, Swim Wear, Pareos, Beach Cover-Ups, Hats, Sun Visors, Scarves, Shawls, Ties, Gloves, Footwear, Hosiery and Socks |